UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
Sabahnor El Handi,

        Plaintiff,

   - v -

Fifty Second Street Hotel Associates,
L.L.C. d/b/a Novotel New York, Novotel
Hotels USA, Inc. and Accor Business and
Leisure North America, Inc.,

        Defendants.
------------------------------------------------x

CASE NO.: 16-civ-09270 (VEC)(KHP)

**FIFTY SECOND STREET HOTEL ASSOCIATES, L.L.C. D/B/A NOVOTEL NEW YORK'S ANSWER AND DEFENSES TO AMENDED COMPLAINT**

Defendant Fifty Second Street Hotel Associates, L.L.C. d/b/a Novotel New York ("Novotel New York"), through its attorneys, Baker & Hostetler, LLP, for its Answer and Defenses to the Amended Complaint filed on December 19, 2016, by Plaintiff Sabahnor El Handi ("El Handi"), states as follows:

## PARTIES

1. Novotel New York denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Amended Complaint.

2. Novotel New York denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Amended Complaint.

3. Novotel New York admits the allegations contained in Paragraph 3 of the Amended Complaint.

4. There are no allegations in Paragraph 4 of the Amended Complaint to which Novotel New York must respond, as the allegations are directed at Defendant

Novotel Hotels USA, Inc. To the extent a response is required, Novotel New York denies the allegations.

5. There are no allegations in Paragraph 5 of the Amended Complaint to which Novotel New York must respond, as the allegations are directed at Defendant Accor Business and Leisure North America, Inc. ("ABLNA"). To the extent a response is required, Novotel New York denies the allegations, except admits that ABLNA is its parent corporation.

## NATURE OF ACTION

6. Novotel New York denies the allegations contained in Paragraph 6 of the Amended Complaint, except admits that this action purports to seek redress for alleged violations of the referenced laws.

7. Novotel New York denies the allegations contained in Paragraph 7 of the Amended Complaint, except admits that this action purports to seek redress for alleged violations of the referenced laws.

## JURISDICTION AND VENUE

8. The allegations contained in Paragraph 8 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Novotel New York admits that this Court has jurisdiction over this action, as currently pled.

9. Novotel New York admits, upon information and belief, the allegations contained in Paragraph 9 of the Amended Complaint.

10. Novotel New York denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Amended Complaint.

11. The allegations contained in Paragraph 11 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Novotel New York admits that venue is proper in this district.

12. The allegations contained in Paragraph 12 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Novotel New York denies the allegations, except admits that it operates a business in the State of New York.

## JURISDICTION AND VENUE

13. Novotel New York denies the allegations contained in Paragraph 13 of the Amended Complaint, except admits that its parent corporation is ABLNA.

14. Novotel New York denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Amended Complaint, except admits that El Handi worked at Novotel New York for a period of time.

15. Novotel New York denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Amended Complaint.

16. Novotel New York denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Amended Complaint.

17. Novotel New York denies the allegations contained in Paragraph 17 of the Amended Complaint.

18. Novotel New York denies the allegations contained in Paragraph 18 of the Amended Complaint, except admits that Albane Colmenares ("Colmenares") and Jeremie Catez ("Catez") were directors and Marc Sternagel ("Sternagel") was General Manager at some point during El Handi's employment.

19. Novotel New York denies the allegations contained in Paragraph 19 of the Amended Complaint.

20. Novotel New York denies the allegations contained in Paragraph 20 of the Amended Complaint.

21. Novotel New York denies the allegations contained in Paragraph 21 of the Amended Complaint.

22. Novotel New York denies the allegations contained in Paragraph 22 of the Amended Complaint.

23. Novotel New York denies the allegations contained in Paragraph 23 of the Amended Complaint.

24. Novotel New York denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of the Amended Complaint.

25. Novotel New York denies the allegations contained in Paragraph 25 of the Amended Complaint.

26. Novotel New York denies the allegations contained in Paragraph 26 of the Amended Complaint, except admits that Sophie Le Vot and Lorraine Merger were employees.

27. Novotel New York denies the allegations contained in Paragraph 27 of the Amended Complaint, except admits that Arielle Desoucey ("Desoucey") is a female who was hired as an executive assistant and became a sales manager.

28. Novotel New York denies the allegations contained in Paragraph 28 of the Amended Complaint, except admits that Sebastien Hamel ("Hamel") first worked in reservations and then in reservations/revenue management within two years and that Hamel and Catez are males.

29. Novotel New York denies the allegations contained in Paragraph 29 of the Amended Complaint.

30. Novotel New York denies the allegations contained in Paragraph 30 of the Amended Complaint, except admits that, in connection with one review, El Handi indicated that she felt there was a lack of training and support to advance her career.

31. Novotel New York denies the allegations contained in Paragraph 31 of the Amended Complaint, except admits that on September 18, 2014, Sternagel sent an email to some staff members that suggested adding a revenue intern.

32. Novotel New York denies the allegations contained in Paragraph 32 of the Amended Complaint, except admits that on September 29, 2014, El Handi contacted Human Resources to discuss revenue management functions.

33. Novotel New York denies the last sentence contained in Paragraph 33 of the Amended Complaint, and denies knowledge or information sufficient to form a belief as to the remaining allegations.

34. Novotel New York denies the allegations contained in Paragraph 34 of the Amended Complaint, except admits that in 2015, El Handi expressed interest in the Reservations and Revenue Manager position following Hamel's resignation, revenue and reservations have traditionally been in the same department, and the Reservations and Revenue Manager position was split into the positions of Reservations Manager and Revenue Analyst.

35. Novotel New York denies the allegations contained in Paragraph 35 of the Amended Complaint, except admits that on September 11, 2015, El Handi e-mailed Human Resources and Colmenares, the new Director of Revenue Management, regarding her career, El Handi was not selected for the positions of revenue analyst, reservations/revenue manager, or reservations manager, and that Lorraine Merger was hired as a revenue analyst.

36. Novotel New York denies the allegations contained in Paragraph 36 of the Amended Complaint.

37. Novotel New York denies the allegations contained in Paragraph 37 of the Amended Complaint, except admits that it sponsored the E-2 visa for a restaurant manager and reimbursed certain of his relocation expenses.

38. Novotel New York denies the allegations contained in Paragraph 38 of the Amended Complaint.

39. Novotel New York denies the allegations contained in Paragraph 39 of the Amended Complaint.

40. Novotel New York denies the allegations contained in Paragraph 40 of the Amended Complaint.

### RESPONSE TO THE FIRST CAUSE OF ACTION
(Race, Color, National Origin, and Religion Discrimination
Arising Under Title VII)

41. Novotel New York restates and incorporates its responses to Paragraphs 1 through 40 of the Amended Complaint as if fully set forth herein.

42. Novotel New York denies the allegations contained in Paragraph 42 of the Amended Complaint, except admits that this action purports to seek redress for alleged violations of the referenced laws.

43. The allegations contained in Paragraph 43 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Novotel New York directs the Court to the laws cited therein.

44. The allegations contained in Paragraph 44 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Novotel New York denies knowledge or information sufficient to form a belief as to the truth of the allegations.

45. Novotel New York denies the allegations contained in Paragraph 45 of the Amended Complaint, except admits that it was aware, generally and upon information and belief, that El Handi was of a non-American national origin.

46. Novotel New York denies the allegations contained in Paragraph 46 of the Amended Complaint.

47. Novotel New York denies the allegations contained in Paragraph 47 of the Amended Complaint.

48. Novotel New York denies the allegations contained in Paragraph 48 of the Amended Complaint.

49. Novotel New York denies the allegations contained in Paragraph 49 of the Amended Complaint.

50. Novotel New York denies the allegations contained in Paragraph 50 of the Amended Complaint.

51. Novotel New York denies the allegations contained in Paragraph 51 of the Amended Complaint.

52. Novotel New York denies the allegations contained in Paragraph 52 of the Amended Complaint.

53. Novotel New York denies the allegations contained in Paragraph 53 of the Amended Complaint.

54. Novotel New York denies the allegations contained in Paragraph 54 of the Amended Complaint.

55. Novotel New York denies the allegations contained in Paragraph 55 of the Amended Complaint.

56. Novotel New York denies the allegations contained in Paragraph 56 of the Amended Complaint.

57. Novotel New York denies the allegations contained in Paragraph 57 of the Amended Complaint.

## RESPONSE TO THE SECOND CAUSE OF ACTION
### (Race, Color, National Origin, and Religion Discrimination Arising Under NYSHRL)

58. Novotel New York restates and incorporates its responses to Paragraphs 1 through 57 of the Amended Complaint as if fully set forth herein.

59. Novotel New York denies the allegations contained in Paragraph 59 of the Amended Complaint, except admits that El Handi purports to bring this claim under the referenced laws.

60. The allegations contained in Paragraph 60 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Novotel New York directs the Court to the laws cited therein.

61. The allegations contained in Paragraph 61 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Novotel New York directs the Court to the laws cited therein.

62. The allegations contained in Paragraph 62 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Novotel New York directs the Court to the laws cited therein.

63. Novotel New York denies the allegations contained in Paragraph 63 of the Amended Complaint, except admits that it was aware, generally and upon information and belief, that El Handi was of a non-American national origin.

64. Novotel New York denies the allegations contained in Paragraph 64 of the Amended Complaint.

65. Novotel New York denies the allegations contained in Paragraph 65 of the Amended Complaint

66. Novotel New York denies the allegations contained in Paragraph 66 of the Amended Complaint.

67. Novotel New York denies the allegations contained in Paragraph 67 of the Amended Complaint.

68. Novotel New York denies the allegations contained in Paragraph 68 of the Amended Complaint, except admits that El Handi purports to bring a claim under the referenced laws.

69. Novotel New York denies the allegations contained in Paragraph 69 of the Amended Complaint.

70. Novotel New York denies the allegations contained in Paragraph 70 of the Amended Complaint.

### RESPONSE TO THE THIRD CAUSE OF ACTION
(Race, Color, National Origin, and Religion Discrimination
Arising Under NYCHRL)

71. Novotel New York restates and incorporates its responses to Paragraphs 1 through 70 of the Amended Complaint as if fully set forth herein.

72. Novotel New York denies the allegations contained in Paragraph 72 of the Amended Complaint, except admits that El Handi purports to bring this claim purportedly under the referenced laws.

73. The allegations contained in Paragraph 73 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Novotel New York direct the Court to the laws cited therein.

74. The allegations contained in Paragraph 74 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Novotel New York directs the Court to the laws cited therein.

75. The allegations contained in Paragraph 75 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Novotel New York directs the Court to the laws cited therein.

76. Novotel New York denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Amended Complaint

77. Novotel New York denies the allegations contained in Paragraph 77 of the Amended Complaint, except admits that it was aware, generally and upon information and belief, that El Handi was of a non-American national origin.

78. Novotel New York denies the allegations contained in Paragraph 78 of the Amended Complaint.

79. Novotel New York denies the allegations contained in Paragraph 79 of the Amended Complaint.

80. Novotel New York denies the allegations contained in Paragraph 80 of the Amended Complaint.

81. Novotel New York denies the allegations contained in Paragraph 81 of the Amended Complaint.

82. Novotel New York denies the allegations contained in Paragraph 82 of the Amended Complaint.

83. Novotel New York denies the allegations contained in Paragraph 83 of the Amended Complaint.

84. Novotel New York denies the allegations contained in Paragraph 84 of the Amended Complaint.

### RESPONSE TO THE FOURTH CAUSE OF ACTION
(Retaliation Arising Under Title VII)

85. Novotel New York restates and incorporates its responses to Paragraphs 1 through 84 of the Amended Complaint as if fully set forth herein.

86. Novotel New York denies the allegations contained in Paragraph 86 of the Amended Complaint, except admits that El Handi purports to bring this claim under the referenced laws.

87. Novotel New York denies the allegations contained in Paragraph 87 of the Amended Complaint.

88. Novotel New York denies the allegations contained in Paragraph 88 of the Amended Complaint.

89. Novotel New York denies the allegations contained in Paragraph 89 of the Amended Complaint.

90. Novotel New York denies the allegations contained in Paragraph 90 of the Amended Complaint.

91. Novotel New York denies the allegations contained in Paragraph 91 of the Amended Complaint.

92. Novotel New York denies the allegations contained in Paragraph 92 of the Amended Complaint.

93. Novotel New York denies the allegations contained in Paragraph 93 of the Amended Complaint.

94. Novotel New York denies the allegations contained in Paragraph 94 of the Amended Complaint.

95. Novotel New York denies the allegations contained in Paragraph 95 of the Amended Complaint.

96. Novotel New York denies the allegations contained in Paragraph 96 of the Amended Complaint.

### RESPONSE TO THE FIFTH CAUSE OF ACTION
(Retaliation Arising Under NYSHRL)

97. Novotel New York restates and incorporates its responses to Paragraphs 1 through 96 of the Amended Complaint as if fully set forth herein.

98. Novotel New York denies the allegations contained in Paragraph 98 of the Amended Complaint, except admits that El Handi purports to bring this claim under the referenced laws.

99. Novotel New York denies the allegations contained in Paragraph 99 of the Amended Complaint.

100. Novotel New York denies the allegations contained in Paragraph 100 of the Amended Complaint.

101. Novotel New York denies the allegations contained in Paragraph 101 of the Amended Complaint.

102. Novotel New York denies the allegations contained in Paragraph 102 of the Amended Complaint.

103. Novotel New York denies the allegations contained in Paragraph 103 of the Amended Complaint.

104. Novotel New York denies the allegations contained in Paragraph 104 of the Amended Complaint.

105. Novotel New York denies the allegations contained in Paragraph 105 of the Amended Complaint, except admits that El Handi purports to make a claim under the referenced laws.

106. Novotel New York denies the allegations contained in Paragraph 106 of the Amended Complaint.

107. Novotel New York denies the allegations contained in Paragraph 107 of the Amended Complaint.

### RESPONSE TO THE SIXTH CAUSE OF ACTION
(Retaliation Arising Under NYCHRL)

108. Novotel New York restates and incorporates its responses to Paragraphs 1 through 107 of the Amended Complaint as if fully set forth herein.

109. Novotel New York denies the allegations contained in Paragraph 109 of the Amended Complaint, except admits that El Handi purports to bring this claim under the referenced laws.

110. Novotel New York denies the allegations contained in Paragraph 110 of the Amended Complaint.

111. Novotel New York denies the allegations contained in Paragraph 111 of the Amended Complaint.

112. Novotel New York denies the allegations contained in Paragraph 112 of the Amended Complaint.

113. The allegations contained in Paragraph 113 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Novotel New York directs the Court to the laws cited therein.

114. Novotel New York denies the allegations contained in Paragraph 114 of the Amended Complaint.

115. Novotel New York denies the allegations contained in Paragraph 115 of the Amended Complaint.

116. Novotel New York denies the allegations contained in Paragraph 116 of the Amended Complaint.

117. Novotel New York denies the allegations contained in Paragraph 117 of the Amended Complaint.

118. Novotel New York denies the allegations contained in Paragraph 118 of the Amended Complaint.

119. Novotel New York denies the allegations contained in Paragraph 119 of the Amended Complaint.

## JURY DEMAND

120. The allegations in Paragraph 120 of the Amended Complaint constitute a jury demand to which no response is required.

To the extent that the paragraph beginning with "WHEREFORE" on page 21 of the Amended Complaint requires a response, which Novotel New York contends it does not, Novotel New York denies that El Handi is entitled to the relief sought therein, or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

1. The Amended Complaint is barred, in whole or in part, because it fails to state any claim upon which relief can be granted.

2. At all times, Novotel New York acted in good faith and had reasonable grounds for believing that its acts, if any, were not in violation of the applicable laws.

3. El Handi failed to exhaust her administrative remedies with respect to Count One (to the extent it alleges discrimination on the basis of color in violation of Title VII) because she did not allege discrimination on the basis of color in the administrative charge that she filed with the U.S. Equal Employment Opportunity Commission ("EEOC").

4. El Handi failed to exhaust her administrative remedies with respect to Counts One and Four because she did not name Novotel New York in the administrative charge that she filed with the EEOC.

5. El Handi's claims are not actionable because she cannot carry her *prima facie* burden on any of her claims, rebut Novotel New York's legitimate,

nondiscriminatory reasons for the actions about which she complains, and/or prove pretext.

6. El Handi's claims are not actionable because Novotel New York had legitimate, non-discriminatory and non-retaliatory job-related reasons for its actions regarding El Handi, having nothing whatsoever to do with her race, color, national origin, or religion.

7. At all relevant times, Novotel New York maintained pertinent policies and procedures to protect employees from workplace discrimination and retaliation.

8. El Handi failed to avail herself or take advantage of policies or procedures put in place by Novotel New York to protect employees from workplace discrimination and retaliation.

9. El Handi's own actions and failures were a proximate cause or even the sole cause of her alleged injuries and damages, if any.

10. Any and all damages claimed by El Handi, whether actual, compensatory, punitive, attorneys' fees, or otherwise, are subject to all applicable statutory caps, exclusions, and limitations.

11. El Handi is not entitled to punitive damages since Novotel New York's actions do not constitute bad faith, malicious, willful, and/or wanton violations of applicable law.

12. El Handi is barred from recovering any damages, or any recovery must be reduced, by virtue of any failure to exercise reasonable diligence to mitigate her alleged damages.

13. To the extent El Handi is awarded any damages, which Novotel New York contends she should not be, such damages should be reduced by any compensation received by her from any source and/or offered by Novotel New York since she left its employ.

14. Any emotional distress suffered or claimed to have been suffered by El Handi was not reasonable or justified under the circumstances.

15. Novotel New York is entitled to any and all offsets and/or set offs permissible by law.

16. El Handi is not entitled to attorneys' fees under any of the claims alleged.

17. Novotel New York has not knowingly or intentionally waived any applicable defenses and reserves the right to raise additional affirmative and other defenses that may subsequently become or appear applicable to El Handi's claims.

18. Novotel New York's investigation into the Amended Complaint is ongoing, and Novotel New York reserves the right to amend its Answer and/or Defenses should that become necessary.

**WHEREFORE**, Novotel New York respectfully requests that the Court dismiss and deny the Amended Complaint in its entirety and asks that Novotel New York recover its reasonable costs and attorneys' fees in this action.

Dated: February 2, 2017
    New York, New York

Respectfully submitted,

BAKER & HOSTETLER LLP

By:   /s/ Amy J. Traub
      Amy J. Traub
      Saima Z. Sheikh
      45 Rockefeller Plaza
      14th Floor
      New York, NY 10111
      Telephone: (212) 589-4200
      Facsimile: (212) 589-4201
      Email: atraub@bakerlaw.com
      Email: ssheikh@bakerlaw.com

*Attorneys for Defendant*
*Fifty Second Street Hotel Associates,*
*L.L.C. d/b/a Novotel New York*