UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
Sabahnor El Handi,                           )
                                             ) CASE NO.: 16-civ-09270 (VEC)(KHP)
        Plaintiff,                          )
                                             )
    - v -                                  ) **ACCOR BUSINESS AND LEISURE NORTH**
                                             ) **AMERICA, INC.'S ANSWER AND**
Fifty Second Street Hotel Associates,        ) **DEFENSES TO AMENDED COMPLAINT**
L.L.C. d/b/a Novotel New York, Novotel       )
Hotels USA, Inc. and Accor Business and      )
Leisure North America, Inc.,                 )
                                             )
        Defendants.                         )
-------------------------------------------------x

Defendant Accor Business and Leisure North America, Inc. ("ABLNA"), through its attorneys, Baker & Hostetler, LLP, for its Answer and Defenses to the Amended Complaint filed on December 19, 2016, by Plaintiff Sabahnor El Handi ("El Handi"), states as follows:

## PARTIES

1. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Amended Complaint.

2. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Amended Complaint.

3. There are no allegations in Paragraph 3 of the Amended Complaint to which ABLNA must respond, as the allegations are directed at Defendant Fifty Second Street Hotel Associates, L.L.C. d/b/a Novotel New York ("Novotel New York"). To the extent a response is required, ABLNA admits the allegations.

4. There are no allegations in Paragraph 4 of the Amended Complaint to which ABLNA must respond, as the allegations are directed at Defendant Novotel Hotels USA, Inc. To the extent a response is required, ABLNA denies the allegations.

5. ABLNA denies the allegations in Paragraph 5 of the Amended Complaint, except admits that it is the parent corporation of Novotel New York.

## NATURE OF ACTION

6. ABLNA denies the allegations contained in Paragraph 6 of the Amended Complaint, except admits that this action purports to seek redress for alleged violations of the referenced laws.

7. ABLNA denies the allegations contained in Paragraph 7 of the Amended Complaint, except admits that this action purports to seek redress for alleged violations of the referenced laws.

## JURISDICTION AND VENUE

8. The allegations contained in Paragraph 8 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ABLNA admits that this Court has jurisdiction over this action, as currently pled.

9. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9.

10. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Amended Complaint.

11. The allegations contained in Paragraph 11 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, ABLNA admits that venue is proper in this district.

12. The allegations contained in Paragraph 12 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, ABLNA denies the allegations, except admits that Novotel New York operates a business in the State of New York.

## JURISDICTION AND VENUE

13. ABLNA denies the allegations contained in Paragraph 13 of the Amended Complaint, except admits that it is the parent corporation of Novotel New York.

14. ABLNA denies that El Handi worked for ALBNA at any relevant time and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 14 of the Amended Complaint.

15. ABLNA denies that El Handi worked for ABLNA at any relevant time and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 15 of the Amended Complaint.

16. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Amended Complaint.

17. ABLNA denies that El Handi worked for ABLNA at any relevant time and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 17 of the Amended Complaint.

18. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Amended Complaint.

19. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Amended Complaint.

20. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Amended Complaint.

21. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Amended Complaint.

22. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of the Amended Complaint.

23. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Amended Complaint.

24. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of the Amended Complaint.

25. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of the Amended Complaint.

26. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of the Amended Complaint.

27. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of the Amended Complaint.

28. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Amended Complaint.

29. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of the Amended Complaint.

30. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of the Amended Complaint.

31. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of the Amended Complaint.

32. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Amended Complaint.

33. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of the Amended Complaint.

34. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of the Amended Complaint.

35. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of the Amended Complaint.

36. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of the Amended Complaint.

37. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of the Amended Complaint.

38. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 of the Amended Complaint.

39. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 of the Amended Complaint.

40. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40 of the Amended Complaint.

**RESPONSE TO THE FIRST CAUSE OF ACTION**
**(Race, Color, National Origin, and Religion Discrimination**
**Arising Under Title VII)**

41. ABLNA restates and incorporates its responses to Paragraphs 1 through 40 of the Amended Complaint as if fully set forth herein.

42. ABLNA denies the allegations contained in Paragraph 42 of the Amended Complaint, except admits that this action purports to seek redress for alleged violations of the referenced laws.

43. The allegations contained in Paragraph 43 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, ABLNA directs the Court to the laws cited therein.

44. The allegations contained in Paragraph 44 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, ABLNA denies knowledge or information sufficient to form a belief as to the truth of the allegations.

45. ABLNA denies the allegations contained in Paragraph 45 of the Amended Complaint.

46. ABLNA denies the allegations contained in Paragraph 46 of the Amended Complaint.

47. ABLNA denies the allegations contained in Paragraph 47 of the Amended Complaint.

48. ABLNA denies the allegations contained in Paragraph 48 of the Amended Complaint.

49. ABLNA denies the allegations contained in Paragraph 49 of the Amended Complaint.

50. ABLNA denies the allegations contained in Paragraph 50 of the Amended Complaint.

51. ABLNA denies the allegations contained in Paragraph 51 of the Amended Complaint.

52. ABLNA denies the allegations contained in Paragraph 52 of the Amended Complaint.

53. ABLNA denies the allegations contained in Paragraph 53 of the Amended Complaint.

54. ABLNA denies the allegations contained in Paragraph 54 of the Amended Complaint.

55. ABLNA denies the allegations contained in Paragraph 55 of the Amended Complaint.

56. ABLNA denies the allegations contained in Paragraph 56 of the Amended Complaint.

57. ABLNA denies the allegations contained in Paragraph 57 of the Amended Complaint.

## RESPONSE TO THE SECOND CAUSE OF ACTION
### (Race, Color, National Origin, and Religion Discrimination Arising Under NYSHRL)

58. ABLNA restates and incorporates its responses to Paragraphs 1 through 57 of the Amended Complaint as if fully set forth herein.

59. ABLNA denies the allegations contained in Paragraph 59 of the Amended Complaint, except admits that El Handi purports to bring this claim under the referenced laws.

60. The allegations contained in Paragraph 60 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ABLNA directs the Court to the laws cited therein.

61. The allegations contained in Paragraph 61 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ABLNA directs the Court to the laws cited therein.

62. The allegations contained in Paragraph 62 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ABLNA directs the Court to the laws cited therein.

63. ABLNA denies the allegations contained in Paragraph 63 of the Amended Complaint.

64. ABLNA denies the allegations contained in Paragraph 64 of the Amended Complaint.

65. ABLNA denies the allegations contained in Paragraph 65 of the Amended Complaint.

66. ABLNA denies the allegations contained in Paragraph 66 of the Amended Complaint.

67. ABLNA denies the allegations contained in Paragraph 67 of the Amended Complaint.

68. ABLNA denies the allegations contained in Paragraph 68 of the Amended Complaint, except admits that El Handi purports to bring a claim under the referenced laws.

69. ABLNA denies the allegations contained in Paragraph 69 of the Amended Complaint.

70. ABLNA denies the allegations contained in Paragraph 70 of the Amended Complaint.

### RESPONSE TO THE THIRD CAUSE OF ACTION
(Race, Color, National Origin, and Religion Discrimination
Arising Under NYCHRL)

71. ABLNA restates and incorporates its responses to Paragraphs 1 through 70 of the Amended Complaint as if fully set forth herein.

72. ABLNA denies the allegations contained in Paragraph 72 of the Amended Complaint, except admits that El Handi purports to bring this claim under the referenced laws.

73. The allegations contained in Paragraph 73 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ABLNA directs the Court to the laws cited therein.

74. The allegations contained in Paragraph 74 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, ABLNA directs the Court to the laws cited therein.

75. The allegations contained in Paragraph 75 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, ABLNA directs the Court to the laws cited therein.

76. ABLNA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 76 of the Amended Complaint.

77. ABLNA denies the allegations contained in Paragraph 77 of the Amended Complaint.

78. ABLNA denies the allegations contained in Paragraph 78 of the Amended Complaint.

79. ABLNA denies the allegations contained in Paragraph 79 of the Amended Complaint.

80. ABLNA denies the allegations contained in Paragraph 80 of the Amended Complaint.

81. ABLNA denies the allegations contained in Paragraph 81 of the Amended Complaint.

82. ABLNA denies the allegations contained in Paragraph 82 of the Amended Complaint.

83. ABLNA denies the allegations contained in Paragraph 83 of the Amended Complaint.

84. ABLNA denies the allegations contained in Paragraph 84 of the Amended Complaint.

## RESPONSE TO THE FOURTH CAUSE OF ACTION
### (Retaliation Arising Under Title VII)

85. ABLNA restates and incorporates its responses to Paragraphs 1 through 84 of the Amended Complaint as if fully set forth herein.

86. ABLNA denies the allegations contained in Paragraph 86 of the Amended Complaint, except admits that El Handi purports to bring this claim purportedly under the referenced laws.

87. ABLNA denies the allegations contained in Paragraph 87 of the Amended Complaint.

88. ABLNA denies the allegations contained in Paragraph 88 of the Amended Complaint.

89. ABLNA denies the allegations contained in Paragraph 89 of the Amended Complaint.

90. ABLNA denies the allegations contained in Paragraph 90 of the Amended Complaint.

91. ABLNA denies the allegations contained in Paragraph 91 of the Amended Complaint.

92. ABLNA denies the allegations contained in Paragraph 92 of the Amended Complaint.

93. ABLNA denies the allegations contained in Paragraph 93 of the Amended Complaint.

94. ABLNA denies the allegations contained in Paragraph 94 of the Amended Complaint.

95. ABLNA denies the allegations contained in Paragraph 95 of the Amended Complaint.

96. ABLNA denies the allegations contained in Paragraph 96 of the Amended Complaint.

### RESPONSE TO THE FIFTH CAUSE OF ACTION
(Retaliation Arising Under NYSHRL)

97. ABLNA restates and incorporates its responses to Paragraphs 1 through 96 of the Amended Complaint as if fully set forth herein.

98. ABLNA denies the allegations contained in Paragraph 98 of the Amended Complaint, except admits that El Handi purports to bring this claim under the referenced laws.

99. ABLNA denies the allegations contained in Paragraph 99 of the Amended Complaint.

100. ABLNA denies the allegations contained in Paragraph 100 of the Amended Complaint.

101. ABLNA denies the allegations contained in Paragraph 101 of the Amended Complaint.

102. ABLNA denies the allegations contained in Paragraph 102 of the Amended Complaint.

103. ABLNA denies the allegations contained in Paragraph 103 of the Amended Complaint.

104. ABLNA denies the allegations contained in Paragraph 104 of the Amended Complaint.

105. ABLNA denies the allegations contained in Paragraph 105 of the Amended Complaint, except admits that El Handi purports to make a claim under the referenced laws.

106. ABLNA denies the allegations contained in Paragraph 106 of the Amended Complaint.

107. ABLNA denies the allegations contained in Paragraph 107 of the Amended Complaint.

### RESPONSE TO THE SIXTH CAUSE OF ACTION
### (Retaliation Arising Under NYCHRL)

108. ABLNA restates and incorporates its responses to Paragraphs 1 through 107 of the Amended Complaint as if fully set forth herein.

109. ABLNA denies the allegations contained in Paragraph 109 of the Amended Complaint, except admits that El Handi purports to bring this claim under the referenced laws.

110. ABLNA denies the allegations contained in Paragraph 110 of the Amended Complaint.

111. ABLNA denies the allegations contained in Paragraph 111 of the Amended Complaint.

112. ABLNA denies the allegations contained in Paragraph 112 of the Amended Complaint.

113. The allegations contained in Paragraph 113 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, ABLNA directs the Court to the laws cited therein.

114. ABLNA denies the allegations contained in Paragraph 114 of the Amended Complaint.

115. ABLNA denies the allegations contained in Paragraph 115 of the Amended Complaint.

116. ABLNA denies the allegations contained in Paragraph 116 of the Amended Complaint.

117. ABLNA denies the allegations contained in Paragraph 117 of the Amended Complaint.

118. ABLNA denies the allegations contained in Paragraph 118 of the Amended Complaint.

119. ABLNA denies the allegations contained in Paragraph 119 of the Amended Complaint.

## **JURY DEMAND**

120. The allegations in Paragraph 120 of the Amended Complaint constitute a jury demand to which no response is required.

To the extent that the paragraph beginning with "WHEREFORE" on page 21 of the Amended Complaint requires a response, which ABLNA contends it does not, ABLNA denies that El Handi is entitled to the relief sought therein, or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

1. The Amended Complaint is barred, in whole or in part, because it fails to state any claim upon which relief can be granted.

2. El Handi's claims are not actionable because ABLNA was not her employer within the meaning of any law at any relevant time.

3. El Handi failed to exhaust her administrative remedies with respect to Count One (to the extent it alleges discrimination on the basis of color in violation of Title VII) because she did not allege discrimination on the basis of color in the administrative charge that she filed with the U.S. Equal Employment Opportunity Commission ("EEOC").

4. El Handi failed to exhaust her administrative remedies with respect to Counts One and Four because she did not name ABLNA in the administrative charge that she filed with the EEOC.

5. El Handi's claims are not actionable because she cannot carry her *prima facie* burden on any of her claims, as ABLNA was at no time El Handi's employer.

6. Any and all damages claimed by El Handi, whether actual, compensatory, punitive, attorneys' fees, or otherwise, are subject to all applicable statutory caps, exclusions, and limitations, and in any case cannot be recovered as against a non-employing entity such as ABLNA.

7. El Handi is not entitled to punitive damages since ABLNA was never her employer and never took any actions against her that constitute bad faith, malicious, willful, and/or wanton violations of applicable law, let alone any actions at all.

8. El Handi is barred from recovering any damages, or any recovery must be reduced, by virtue of any failure to exercise reasonable diligence to mitigate her alleged damages.

9. To the extent El Handi is awarded any damages, which ABLNA contends she should not be, such damages should be reduced by any compensation received by her from any source and/or offered by any source.

10. Any emotional distress suffered or claimed to have been suffered by El Handi was not reasonable or justified under the circumstances.

11. ABLNA is entitled to any and all offsets and/or set offs permissible by law.

12. El Handi is not entitled to attorneys' fees under any of the claims alleged.

13. ABLNA has not knowingly or intentionally waived any applicable defenses and reserves the right to raise additional affirmative and other defenses that may subsequently become or appear applicable to El Handi's claims.

14. ABLNA's investigation into the Amended Complaint is ongoing, and ABLNA reserves the right to amend its Answer and/or Defenses should that become necessary.

**WHEREFORE**, ABLNA respectfully requests that the Court dismiss and deny the Amended Complaint in its entirety and asks that ABLNA recover its reasonable costs and attorneys' fees in this action.

Dated: February 2, 2017  
New York, New York

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Amy J. Traub*  
Amy J. Traub  
Saima Z. Sheikh  
45 Rockefeller Plaza  
New York, NY 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589 - 4201  
Email: atraub@bakerlaw.com  
Email: ssheikh@bakerlaw.com

*Attorneys for Defendant*  
*Accor Business and Leisure North*  
*America, Inc.*